IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

MARVIN SOSA
3132 16th Street NW, Apt. 307
Washington, DC 20010

JOSE RENE MONGE MARTINEZ
c/o 519 H Street NW
Washington, DC 20001

       Plaintiffs,

v.

DC NARVEER, INC.
d/b/a CAFÉ OF INDIA
4909 Wisconsin Ave. NW
Washington, DC 20016

NAVJOT SINGH
a/k/a NARJOT SINGH
9319 Ridings Way
Laurel, MD 20723

       Defendants.

Case No. _____

## COMPLAINT

### Introduction

1. Defendants own and operate an Indian restaurant in the District of Columbia. Defendants employed Plaintiffs primarily as dishwashers. Defendants paid Plaintiffs a flat salary in cash that resulted in a sub-minimum wage and a denial of overtime compensation.

2. Plaintiffs bring this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"),

D.C. Code § 32-1001 *et seq.*, and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq*.

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this district, and a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in this district.

## Parties

5. Plaintiffs are adult residents of the District of Columbia. Plaintiff Jose Rene Monge Martinez ("Monge Martinez") is currently without a permanent address, so his address listed above is that of undersigned counsel.

6. Defendant DC Narveer, Inc ("Narveer") is a District of Columbia corporation with an official business address at: 4909 Wisconsin Ave. NW, Washington, DC 20016. Narveer does business as "Café of India" at 4909 Wisconsin Ave. NW, Washington, DC 20016. Narveer's resident agent is Defendant Navjot Singh: 9319 Ridings Way, Laurel, MD 20723

7. Defendant Navjot Singh is an adult resident of Maryland who resides at 9319 Ridings Way, Laurel, MD 20723. Mr. Singh exercises control over the operations of Café of India as an owner and officer of DC Narveer, Inc. Mr. Singh personally supervises its operations in Washington, DC on a regular basis.

## Factual Allegations

8. Defendants own and operate "Café of India," a restaurant in Washington, DC.

9. At all times during Plaintiff's employment, Defendants served food products that originated and otherwise travelled outside of Washington, DC and thus Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(s) of the FLSA (29 U.S.C. § 203(s)(1)).

10. Plaintiff Sosa was employed in Defendants' restaurant from approximately November 1, 2014 through approximately March 29, 2015.

11. Plaintiff Monge Martinez was employed in Defendants' restaurant from approximately April 1, 2015 through approximately May 15, 2015.

12. Plaintiffs were employed in Defendants' restaurant primarily as dishwashers; however, Plaintiffs were also tasked with cleaning the kitchen.

13. Plaintiff Marvin Sosa typically worked 6 days a week for approximately 63 hours. His typical weekly schedule was as follows:

| Monday | Off | | |
|---|---|---|---|
| Tuesday | 11:00 a.m. – 10:30 p.m. | 1 Hour Break | 10.5 Hours Worked |
| Wednesday | 11:00 a.m. – 10:30 p.m. | 1 Hour Break | 10.5 Hours Worked |
| Thursday | 11:00 a.m. – 10:30 p.m. | 1 Hour Break | 10.5 Hours Worked |
| Friday | 11:00 a.m. – 10:30 p.m. | 1 Hour Break | 10.5 Hours Worked |
| Saturday | 11:00 a.m. – 10:30 p.m. | 1 Hour Break | 10.5 Hours Worked |
| Sunday | 11:00 a.m. – 10:30 p.m. | 1 Hour Break | 10.5 Hours Worked |

14. Plaintiff Marvin Sosa stopped working in Café of India on or about March 29, 2015.

15. Plaintiff Monge Martinez replaced Plaintiff Marvin Sosa and assumed Plaintiff Marvin Sosa's schedule.

16. Plaintiff Monge Martinez typically worked 6 days a week for approximately 63 hours. His typical weekly schedule was as follows:

| | | | |
|---|---|---|---|
| Monday | Off | | |
| Tuesday | 11:00 a.m. – 10:30 p.m. | 1 Hour Break | 10.5 Hours Worked |
| Wednesday | 11:00 a.m. – 10:30 p.m. | 1 Hour Break | 10.5 Hours Worked |
| Thursday | 11:00 a.m. – 10:30 p.m. | 1 Hour Break | 10.5 Hours Worked |
| Friday | 11:00 a.m. – 10:30 p.m. | 1 Hour Break | 10.5 Hours Worked |
| Saturday | 11:00 a.m. – 10:30 p.m. | 1 Hour Break | 10.5 Hours Worked |
| Sunday | 11:00 a.m. – 10:30 p.m. | 1 Hour Break | 10.5 Hours Worked |

17. Plaintiffs did not take any weeks off during the duration of their employment.

18. Plaintiffs were paid every two weeks with cash. Defendants did not issue Plaintiffs paystubs.

19. Defendant Navjot Singh tendered the cash directly to the Plaintiffs.

20. Plaintiffs were paid $800.00 in cash every two weeks — or about $6.35 per hour.

21. Neither Plaintiff ever received overtime compensation for his overtime hours.

22. Throughout Plaintiffs' employment, the federal minimum wage was $7.25 per hour, and the District of Columbia's minimum wage was $9.50 per hour.

23. At all relevant times, federal and D.C. law required Defendants to pay Plaintiffs one and one-half times the minimum wage for all hours worked over 40 in any one workweek.

24. Defendants owe Plaintiff Marvin Sosa approximately **$8,000.00** in minimum and overtime wages.

25. Defendants owe Plaintiff Monge Martinez approximately **$2,000.00** in minimum and overtime compensation.

26. At all relevant times, Defendants had more than two employees, and the annual gross volume of Defendants' business exceeded $500,000.00.

27. At all relevant times, Defendants had the power to fire Plaintiffs.

4

28. At all relevant times, Defendants had the power to control Plaintiffs' work schedules.

29. At all relevant times, Defendants had the power to set Plaintiffs' rate of pay.

30. At all relevant times, Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiffs, or of how much Plaintiffs were paid for his work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to Plaintiffs will only be known through discovery.

31. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the D.C. and federal minimum wage.

32. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times their regular rate for all hours worked in excess of 40 hours in any one workweek.

33. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs all wages that Plaintiffs were legally due.

## COUNT I
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

34. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

35. The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

36. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

37. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

38. Defendants violated the FLSA by knowingly failing to pay the required minimum wage to Plaintiffs.

39. Defendants violated the FLSA by knowingly failing to pay Plaintiffs at least one and one-half times the required minimum wage for hours worked in excess of 40 hours in any one workweek.

40. Defendants' violations of the FLSA were willful.

41. For their violations of the FLSA, Defendants are liable to Plaintiffs for unpaid minimum wage and overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

42. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

43. As of July 1, 2014, the DCMWA requires that employers pay non-exempt employees at least $9.50 per hour. D.C. Code § 32-1003(a).

44. The DCMWA also requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

45. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiffs.

46. Defendants violated the DCMWA by knowingly failing to pay Plaintiffs one and one-half times the required minimum wage for hours worked in excess of 40 hours in any one workweek.

47. Defendants' violations of the DCMWA were willful.

48. For their violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid minimum wage and overtime compensation, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

49. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

50. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

51. For purposes of the DCWPCL, "wages" include, among other things, both minimum and overtime wages. D.C Code § 32-1301(3).

52. Defendants violated the DCWPCL by knowingly failing to pay Plaintiffs all wages earned, including minimum and overtime wages.

53. Defendants' violations of the DCWPCL were willful.

54. For their violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against all Defendants, jointly and severally, on all counts, and grant the following relief:

   a. Award Plaintiffs **$40,000.00**, consisting of the following overlapping elements:

      i.      unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii.      unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid minimum and overtime wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012b(b)(1);

      iii.      unpaid wages earned, including minimum and overtime wages, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.      Award Plaintiffs pre-judgment and post-judgment interest as permitted by law.

c.      Award Plaintiffs reasonable attorneys' fees and expenses incurred in the prosecution of this action;

d.      Award Plaintiffs court costs; and

e.      Award any additional relief the Court deems just.


Date: 07/07/2015                                      Respectfully submitted,

                                                        /s/ Justin Zelikovitz, Esq.
                                                        Justin Zelikovitz, #986001
                                                        LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
                                                       519 H Street, NW
                                                       Washington, DC 20001
                                                       Phone: (202) 803-6083
                                                       Fax: (202) 683-6102
                                                       justin@dcwagelaw.com

                                                       *Counsel for Plaintiffs*