IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARVIN SOSA ) | |
| ) | |
| JOSE RENE MONGE MARTINEZ ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:15-cv-01061 (RC) |
| ) | |
| DC NARVEER, INC. ) | |
| ) | |
| NAVJOT SINGH ) | |
| ) | |
| Defendants. ) | |
| ) | |

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND TO SET ASIDE CLERK'S DEFAULT

Plaintiffs Marvin Sosa and Jose Rene Monge Martinez, and Defendants DC Narveer, Inc., dba Café of India, and Navjot Singh, by their undersigned counsel, jointly move the Court to review and approve the settlement agreement entered into by the Parties, and also to set aside the Clerk's entry of default as to Defendant DC Narveer, Inc.

### INTRODUCTION

The Parties have settled their claims and defenses and seek the Court's approval of the settlement and dismissal of the action with prejudice. The Parties, as part of the settlement, also jointly seek to have a previously entered default vacated. The Parties have executed a confidential settlement agreement, setting forth the terms on which the matter has been settled, including the foregoing.

### BACKGROUND

Plaintiffs sued Defendants on July 7, 2015, alleging that they were not properly paid for all hours worked and for overtime performed at Navjot Singh's restaurant, Café India. [Dkt. No.

22850978v.1

1] Plaintiffs brought suit under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* the D.C. Minimum Wage Act Revision Act, D.C. Code § 32-1001 *et seq.,* as well as the D.C. Wage Payment and Collection Law, D.C. Code § 32-1301 *et seq.* [Dkt. No. 1] Defendant Singh filed an Answer on his own behalf, and also attempted to answer on behalf of the company. [Dkt. No. 5] Plaintiffs' sought an entry of default because Mr. Singh is not an attorney and could not therefore answer on behalf of the company. [Dkt. No. 6] The Clerk entered default as to Narveer, Inc. on August 11, 2015. [Dkt. No. 8]

Mr. Singh sought appointment of counsel and the case was referred to mediation and stayed. [Dkt. Nos. 10, 11] Undersigned counsel was appointed and entered his appearance. [Dkt. No. 16]

A mediation was conducted with The Honorable Alan Kay on October 28, 2015, during which the case settled. [Dkt. No. 18] All Parties and their counsel attended the mediation.

## ARGUMENT

**FLSA Settlement Approval.** The settlement of FLSA claims generally requires court approval.[1]  29 U.S.C. § 216(c); *Nall v. Mal-Motels, Inc.,* 723 F.3d 1304, 1306-07 (11th Cir. 2013); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). District Courts in this Circuit have used the "totality of circumstances" approach when reviewing FLSA settlements.  *See, Carrillo v. Dandan, Inc*., 51 F. Supp. 3d 124 (D.D.C. 2014); *Humberto v. J.C. Enterprises, Inc.,* Civil Action No. 14-2155 (JDB). Under this approach, the Court may consider the totality of the circumstances to determine whether and FLSA settlement is fair, reasonable,

---

[1] The D.C. Circuit has not yet ruled that FLSA settlement requires court approval. *See, Carrillo v. Dandan, Inc., 51 F. Supp. 3d 124 (D.D.C. 2014).* In *Carrillo,* the Court summarized the history of FLSA settlement approval, and noted that while Courts in the District of Columbia Circuit are not required to review and approve settlement agreements, declining to do so leaves the parties in an "uncertain position," as a private settlement could be held unenforceable absent such approval. *Id.*  at 131.

and adequate. *Carrillo,* 51 F. Supp. 3d at 132 (*relying on Wolinsky v. Scholastic, Inc.,* 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012)).  The Court considers the fairness of the process used to reach settlement and its practical ramifications, specifically, (1) whether it was the product of overreaching by the employer; (2) whether it was the product of negotiation between represented parties; and (3) whether there exist serious impediments to a collection of judgment by the plaintiffs. *Id.* at 132 (*relying on Lliguichuzhca v. Cinema 60, L.L.C.,* 948 F.Supp. 2d 362, 365-66 (S.D.N.Y. 2013).

**Settlement Is Fair, Reasonable and Adequate.**  Plaintiffs sought at least $10,000 in wages and three times that amount as liquidated damages, plus attorneys' fees and costs. [Dkt. No. 1]  Defendants disputed that Plaintiffs were owed any money, and asserted they were paid for all hours worked and did not work overtime. Defendants contend that Plaintiffs were not required to work during breaks at the restaurant, while Plaintiffs assert that they were.   There are bona fide disputes in this case.

Following the appointment of counsel for Defendant Singh, counsel for the parties negotiated for several hours before the mediation, and spent at least three hours negotiating at the mediation, with the assistance of Judge Kay.  The settlement was clearly reached as a result of arms' length negotiations.

In short, the settlement reached as a result of the mediation is fair, reasonable and adequate, and compensates Plaintiffs for their alleged losses and also compensates their counsel for effort expended.  Moreover, it takes into account the risks and costs of litigation. *Quintanilla v. A&R Demolition, Inc.,* 2008 WL 9410399 at *5 (S.D. Texas, May 7, 2008).[2]

---

[2] The *Carrillo* Court recognized that litigation risks are akin to the possibility that no monies might be recoverable, even if the Plaintiffs were successful. *Carrillo,* 51 F.3d at 134.

**Settlement Should Be Reviewed In Camera.**  The Parties reached a confidential settlement and desire that it remain confidential.  Public disclosure of the terms of the settlement is contrary to the bargain reached.[3]  Courts in this Circuit have approved FLSA settlement agreements in camera.  *See, e.g., Mario Humberto v. J.C. Enterprises,* Case No. 14-2155, copy of Order attached as Exh. 1.  By allowing for *in camera* review of the settlement agreement in this case, the Court will "secure the just, speedy, and inexpensive determination" of this action.  Fed. R. Civ. P. 1.[4]

**Entry of Default Should Be Vacated.**  The entry of default in this case should be vacated and set aside for good cause.  Fed. R. Civ. P. 55(c).  In considering whether good cause exists to do so, the Court considers (1) whether the default was willful; (2) whether setting it aside would prejudice Plaintiffs; and (3) whether there are meritorious defenses.  *Jackson v. Beech,* 636 F.2d 831, 836 (D.C. Cir. 1980) (*quoting Keegel v. Key West & Caribbean Trading*

---

[3] The public filing of settlement agreements is not required by the FLSA nor its regulations, and numerous other methods exist by which employees are given notice of FLSA rights and responsibilities.  These methods include, among others, the FLSA and regulations themselves, information on the Department of Labor ("DOL") website (www.dol.gov), the notice-posting requirements in FLSA regulations (required by 29 C.F.R. § 516.4 (WH Form 1088)), and DOL enforcement actions (*see* 29 U.S.C. §217).  Perhaps more importantly, a settlement is not a judgment against the employer and in no way constitutes an admission of wrongdoing or "notice" of any rights or responsibilities.  The public interest in FLSA settlements is no different from settlements of employment discrimination cases pursued under important civil rights statutes that have a "public-private" character, yet employment discrimination cases are routinely settled confidentially.  Indeed, *Lynn's Food's* teaching is in some tension with the decisions mandating public filing of FLSA settlements.  679 F.2d at 1353.  A requirement to publicly file a settlement deters settlements from occurring.  *Lynn's Food* counsels district courts to review the fairness of the *settlement to the employee who asserted the claim*, not whether it is in the interest of the general public.  To be sure, a lost settlement due to the inability to settle publicly serves only to *harm* the interests of the employee who, with assistance of counsel, reaches agreed terms of a confidential settlement.

[4] The Parties will immediately submit a copy of the settlement agreement to the Court upon request.

22850978v.1

*Co.,* 627 F.2d 372, 373 (D.C. Cir. 1980)).  When balancing these factors, all doubts are resolved in favor of the party seeking relief.  *Id.* at 836.

Navjot Singh could not afford counsel and did not know that he could not represent his company.  Accordingly, he attempted to file an answer on behalf of that company.  [Dkt. No. 5]  He did not miss the filing deadline and attempted to answer the complaint on behalf of his company.  His actions were not willful.   There is no prejudice to Plaintiffs in setting aside the default, as the case has settled and they are being compensated for alleged lost wages.  Finally, given the settlement of the case the existence of meritorious defenses would seem to be inapplicable but, to the extent it is, Mr. Singh was prepared to mount a vigorous defense contesting each aspect of Plaintiffs' claims.  Indeed, his Answer asserts that he paid Plaintiffs ten dollars per hour and that they did not work more than 40 hours per week in any given workweek.  [Dkt. No. 5]

Balancing the *Jackson* factors strongly favors vacating and setting aside the entry of default, and the Parties request that the Court do so.

## **CONCLUSION**

The Parties request that the Court review the settlement agreement *in camera*, and find that it is fair, reasonable and adequate.  The Parties also request that Court find good cause to set aside the entry of default, and then dismiss this case with prejudice.

Respectfully submitted,

| | |
|---|---|
| MARVIN SOSA | DC NARVEER, INC. |
| JOSE RENE MONGE MARTINEZ | NAVJOT SINGH |

| | |
|---|---|
| /s/ Justin D. Zelikovitz | /s/ Raymond C. Baldwin |
| Justin D. Zelikovitz, DC Bar 986001 | Raymond C. Baldwin, DC Bar 461514 |
| Counsel for Plaintiffs | Court appointed counsel for Defendants |
| | |
| LAW OFFICES OF JUSTIN ZELIKOVITZ, PLLC | SEYFARTH SHAW LLP |
| 519 H Street, NW | 975 F. Street, NW |
| Washington, DC 20001 | Washington, DC 20004 |
| | |
| (202) 445-6960 | (202) 463-2400 |
| Justin@dcwagelaw.com | rbaldwin@seyfarth.com |

Date: December 2, 2015

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARVIN SOSA** ) | |
| ) | |
| **JOSE RENE MONGE MARTINEZ** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:15-cv-01061 (RC)** |
| ) | |
| **DC NARVEER, INC.** ) | |
| ) | |
| **NAVJOT SINGH** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**ORDER**

Upon Consideration of the Parties Joint Motion For Approval of Settlement Agreement and To Set Aside Entry of Default, it is this _____ day of _____ 2015, be and hereby is ORDERED that the Motion is GRANTED, and that the Court determines that the Settlement Agreement entered into by the Parties following Court assisted mediation, is fair, reasonable and adequate. It is further ORDERED that the Court finds good cause to set aside the entry of default and, BY THIS ORDER, directs that it be set aside.

This case is hereby dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

22850978v.1